[Cite as *State v. Bracone*, 2014-Ohio-4058.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 2013 AP 11 0046 |
| PAUL L. BRACONE, JR. | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING: Criminal Appeal from the Court of Common Pleas, Case No. 2013 CR 07 0141

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: September 16, 2014

APPEARANCES:

For Plaintiff-Appellee

PATRICK J. WILLIAMS
ASSISTANT PROSECUTOR
125 East High Avenue
New Philadelphia, Ohio 44663

For Defendant-Appellant

JASON L. JACKSON
FITZPATRICK, ZIMMERMAN & ROSE
Post Office Box 308
Uhrichsville, Ohio 44683

*Wise, J.*

**{¶1}** Appellant Paul L. Bracone, Jr. appeals his conviction and sentence entered in the Tuscarawas County Court of Common Pleas following a jury trial.

**{¶2}** Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶3}** On March 27, 2011, Emily Bracone was at home where she resided with her father, Defendant-Appellant Paul Bracone. (T. at. 238). She was looking for a video that she was downloading for school on her father's laptop. (T. at 240). The laptop was password protected. *Id.*

**{¶4}** While looking for her video, Emily observed thumbnail pictures of a woman with a tattoo on her upper thigh, which was identical to her mother's tattoo. The thumbnail appeared to be of a video taken in her mother's (Beth Evans') bathroom located at 217 ½ Grant Street, Dennison, Ohio. Beth Evans rented the apartment from Appellant. (T. at 241).

**{¶5}** Emily Bracone contacted her mother and indicated they needed to talk. She then met her mother and her mother's boyfriend at her mother's apartment. (T. p. 241-242). Upon searching, they located a small camera that had been placed behind a panel in the vanity and was pointed at the shower. There was a small hole in the panel for the camera lens and two screws that were attached to a housing that held the camera in place. (T. at 242- 243, 263- 264). Upon finding the camera, Beth Evans and Emily Bracone contacted the Dennison Police Department. (T. at 243, 264). Patrolman Matt Grezlik came and removed and secured the camera (T. at 264, 300-303). Patrolman Grezlik also photographed the closed circuit camera.

{¶6} Patrolman Grezlik contacted the Prosecutor's Office and obtained a search warrant for Paul Bracone's residence on North Second Street Extension in Dennison. (T. at 303-304). The search warrant was executed and the following items of significance were seized:

{¶7} 1) Desktop computer, bearing serial number BR59501 from Appellant's bedroom. (T. at 304);

{¶8} 2) Various items of pornography and sex toys (T. at 305);

{¶9} 3) Appellant's laptop bearing serial number JPK84J1 which was located on a night stand in the living room, roughly ten feet from Appellant's bedroom (T. at 306). This was the laptop upon which Emily Bracone saw the tell-tale tattoo; and

{¶10} 4) Emily Bracone's desktop located in her bedroom bearing serial number 27950F1. (T. at 300-301).

{¶11} All of the computers and multimedia devices were placed in evidence. They were secured for processing by B.C.I.& I. (T. at 307). Appellant was then asked to go to the Dennison Police Department, where he was interviewed. The interview was recorded. (T. at 311). Significantly, Appellant admitted that he set up the video camera under the sink, though he indicated he did so to obtain audio of cocaine usage. (T. at 315-317). He also admitted that he knew Beth Evans' twelve year old daughter, Baleigh, showers in the bathroom. Appellant admitted to seeing videos of Beth Evans taken with the camera. (T. at 331).

{¶12} Appellant denied having any child pornography. (T. at 324). He admitted to watching a memory card's worth of video from the camera. (T. at 337). He claimed to have deleted videos of nudity. (T. at 338). Eventually, the focus of the investigation

turned to a marijuana grow operation located behind Beth Evans residence at 217 Grant Street, Dennison, Ohio. Bracone admitted he had an active growing operation, claiming to have only ten plants. (T. at. 340).

{¶13} Appellant gave consent to search the premises located at 217 Grant Street, Dennison, Ohio. (T. at 346). Consent was also obtained from the titled owner, Lucille Bracone. (T. at 346).

{¶14} Upon entering 217 Grant Street, Dennison, Ohio, an elaborate indoor grow operation was found, along with the receiver for the closed-circuit camera. (T. at 348). There was a room dedicated to smaller plants, a room for medium plants, and a room for large plants. (T. at 349). There was a grow table, hydroponic watering power converter systems, reflective wall covering and grow lights. (T. at 349-357).

{¶15} The marijuana and grow paraphernalia was photographed and placed in the Dennison Police Department's evidence room. (T. at 358-360). The marijuana was cut and hung before being analyzed by B.C.I. & I. (T. at 360).

{¶16} The computers were taken to B.C.I. & I. for processing by computer forensic specialist Joann Gibb. Ms. Gibb analyzed Appellant's desktop computer, serial number BR59501. She analyzed two hard drives from the desktop. There were one hundred six (106) items found indicative of child pornography. Among them were the following:

{¶17} 1) "11 yo girl rides the cock and loves it kiddy porn incest sex naughty little girl slut priceless pu.mpg."

{¶18} 2) "pedo anal;"

{¶19} 3) Photos of a young girl;

**{¶20}** 4) "Kelly's firstfuck;"

**{¶21}** 5) "pedo x sexo anal15 anos."

**{¶22}** In each instance, the videos or photos had specific identifiers that were indicative of child pornography. (T. at 437-445). Further, there was a link file for "pedo x sexo anal15 anos" to PJ's Recents. The Appellant's nickname is PJ. (T. at 260). His user name on his laptop was also PJ. (T. at 256). There were also numerous child porn indicative links on the desktop hard drives. (T. at 451-454).

**{¶23}** Ms. Gibb also processed Appellant's laptop, serial number JPK8YJ1. On that laptop the bathroom videos were found. She found 163 videos, 132 of which had some sort of nudity. (T. at 456). Included among those videos were 22 videos of a young child using the shower. (T. at 457). All of these images were saved in a folder called "PJ". (T. at 457). Ms. Evans identified each of the shower videos of the young female as being videos of her daughter Baleigh Evans (DOB: 5/21/1999). The videos appeared to have been taken on September 21, 2010, September 24, 2010, October 12, 2010, November 25, 2010, and November 29, 2010. The videos show Baleigh Evans (age eleven) in various states of undress. In all clips identified by Ms. Evans, Baleigh Evans (age 11) was undressed and the camera was focused on her genitalia and/or buttocks. (T. at 265-275).

**{¶24}** On the laptop, there also were videos of a young girl masturbating ("ten_yr_old_orgasm") and a video of a young girl performing oral sex on an adult male ("3rage"). (T. at 466-467).

{¶25} Ms. Gibb also processed the computers found in Emily Bracone's room. Significantly there was nothing of evidentiary value found on these computers (T. at 454-455).

{¶26} Jennifer Acurio, a forensic scientist in the drug chemistry division of B.C.I. & I., analyzed the marijuana seized from Appellant's grow room. She performed a microscopic test and a color test on the items, submitted. (T. at 523-524, 526). She concluded that the items submitted were, in fact, marijuana. (T. at 526). She testified that the marijuana was properly dried and cut. (T. at 528-529). After analyzing the substance, Ms. Acurio prepared a report, and the weight of the marijuana submitted was 1950 grams.

{¶27} On July 2, 2013, based upon the above evidence, the Tuscarawas County Grand Jury returned a nine-count indictment against Appellant Paul A. Bracone, Jr. Count one alleged one count of pandering obscenity involving a minor in violation of R.C. §2907.32(A)(5), a felony of the fourth degree. Count two alleged a count of illegal use of a minor in nudity oriented material in violation of R.C. §2907.323(A)(1), a felony of the second degree. Counts three through seven alleged violations of R.C. §2907.08(C), voyeurism, felonies of the fifth degree. Count eight alleged illegal cultivation of marijuana in violation of R.C. §2925.04(A), a felony of the third degree. Count nine alleged one count possession of drugs (marijuana) in violation of R.C. §2925.11(A)(C)(3)(c), also a felony of the third degree.

{¶28} The matter proceeded to trial from September 10, 2013 through September 16, 2013. Following deliberations, the jury found Appellant guilty of counts one, two, eight, and nine. The jury was deadlocked on the voyeurism counts set forth in

counts three through seven. The jury was discharged and the matter was set for sentencing on October 29, 2013.

{¶29} Appellant failed to appear at the sentencing hearing on October 29, 2013. A warrant was issued but later withdrawn when it was learned that Appellant had health issues.

{¶30} The matter was rescheduled for October 31, 2013. Appellant appeared for sentencing on that date. Appellant was sentenced to eighteen (18) months on count one, pandering obscenity involving a minor in violation of R.C. §2907.321, a felony of the fourth degree. He was also sentenced to a four (4) year concurrent term for count two, illegal use of a minor in nudity oriented material of performance in violation of R.C. §2907.323(A)(1), a felony of the second degree.

{¶31} Regarding counts eight and nine, the State elected to proceed to sentence on count eight, illegal cultivation of marijuana in violation of R.C. §2907.05, a felony of the third degree. Appellant was sentenced to a three (3) year term to be served consecutive to the aggregate four year term imposed for counts one and two. This sentence was reserved in favor of three years community control to begin upon Appellant's release from the Ohio Department of Rehabilitation and Correction after serving the aggregate four year term imposed on counts one and two.

{¶32} Counts three through seven were dismissed without prejudice upon Motion of the State. Said Motion was made on the basis that, under the "same acts test," counts three through seven would merge into count two for purposes of sentencing. Appellant was labeled a Tier II sex offender. He was informed of his duties under law.

**{¶33}** All of the above was journalized by the Tuscarawas County Court of Common Pleas by Judgment Entry filed on November 4, 2013.

**{¶34}** It is from this conviction and sentence Appellant now appeals, assigning the following errors for review:

<u>**ASSIGNMENTS OF ERROR**</u>

**{¶35}** "I. THE CONVICTIONS OF PAUL BRACONE, JR., WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE

**{¶36}** "II. THE COURT ERRED IN OVERRULING THE MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OTHERWISE LEGAL PORNOGRAPHY.

**{¶37}** "III. THE COURT ERRED IN INCLUDING THE PLAINTIFF'S WITNESSES AS EXPERTS WHEN READING THE EXPERT INSTRUCTION TO THE JURY.

**{¶38}** "IV. THE COURT ERRED IN NOT PROVIDING NOT GUILTY PLEA VERDICT FORMS TO THE JURY ON THE MARIJUANA CHARGES."

**I.**

**{¶39}** In his First Assignment of Error, Appellant claims that his convictions were against the manifest weight of the evidence. We disagree.

**{¶40}** On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983). *See also, State v. Thompkins,* 78 Ohio St.3d 380, 1997–Ohio–52. The

granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

**{¶41}** Appellant was convicted of the following offenses:

**{¶42}** (Count One): <u>Pandering obscenity involving a minor</u>, in violation of R.C. 2907.32(A)(5), which provides:

**{¶43}** "(A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:

**{¶44}** " ***

**{¶45}** "(5) Buy, procure, possess, or control any obscene material with purpose to violate division (A)(2) or (4) of this section."

**{¶46}** (Count Two): <u>Illegal use of a minor in nudity oriented material or performance</u>, in violation of R.C. 2907.323(A)(1), which provides

**{¶47}** "(A) No person shall do any of the following:

**{¶48}** "(1) Photograph any minor who is not the person's child or ward in a state of nudity, or create, direct, produce, or transfer any material or performance that shows the minor in a state of nudity, unless both of the following apply:

**{¶49}** "(a) The material or performance is, or is to be, sold, disseminated, displayed, possessed, controlled, brought or caused to be brought into this state, or presented for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose, by or to a physician, psychologist, sociologist, scientist, teacher, person pursuing bona fide studies or research, librarian, member of the clergy, prosecutor, judge, or other person having a proper interest in the material or performance;

**{¶50}** "(b) The minor's parents, guardian, or custodian consents in writing to the photographing of the minor, to the use of the minor in the material or performance, or to the transfer of the material and to the specific manner in which the material or performance is to be used."

**{¶51}** (Count Eight): <u>Illegal manufacture of controlled substance or cultivation of marihuana</u>, in an amount exceeding 1000 grams but less than 5000 grams, in violation of R.C. 2925.04(A), which provides:

**{¶52}** "(A) No person shall knowingly cultivate marihuana or knowingly manufacture or otherwise engage in any part of the production of a controlled substance.

**{¶53}** " ***

**{¶54}** (5) If the drug involved in the violation is marihuana, the penalty for the offense shall be determined as follows:

**{¶55}** " ***

**{¶56}** (d) If the amount of marihuana involved equals or exceeds one thousand grams but is less than five thousand grams, illegal cultivation of marihuana is a felony of the third degree or, if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, a felony of the second degree, and division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender."

**{¶57}** (Count Nine): <u>Drug Possession (marijuana)</u>, in violation of R.C. 2925.11(A)(C)(3)(c), which provides:

{¶58} (A) No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog.

{¶59} "***

{¶60} (C) Whoever violates division (A) of this section is guilty of one of the following:

{¶61} " ***

{¶62} (3) If the drug involved in the violation is marihuana or a compound, mixture, preparation, or substance containing marihuana other than hashish, whoever violates division (A) of this section is guilty of possession of marihuana. The penalty for the offense shall be determined as follows:

{¶63} "***

{¶64} (c) If the amount of the drug involved equals or exceeds two hundred grams but is less than one thousand grams, possession of marihuana is a felony of the fifth degree, and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender."

{¶65} Count One – Pandering obscenity involving a minor

{¶66} The evidence provided at trial in support of this charge was found on Appellant's laptop computer and desktop computer. Testimony was presented that the desktop computer was located in Appellant's bedroom, had been there for approximately ten to eleven years, and that he was the sole user of said computer. (T. at 244-245). Similar testimony was presented that Appellant was the owner of the laptop, that he was the primary user and that the laptop was password protected. (T. at 243-244).

**{¶67}** Testimony and evidence was presented that the desktop contained 106 items of child pornography. Five of these videos/photographs were presented to the jury. Each of these items contained identifiers associated with child pornography. (T. at 437-445). Further, one of the photographs contained a link file to "PJs recents". Appellant's nickname was PJ and his user name on his laptop was "PJ". (T. at 256, 260).

**{¶68}** Additional testimony was presented as to two videos of child pornography found on Appellant's laptop computer. These two videos were saved in a file labeled as "PJ" which also contained the shower videos taken in Beth Evans' bathroom. (T. at 457).

**{¶69}** Count Two – Illegal use of a minor in nudity oriented material or performance.

**{¶70}** In support of this charge, the State provided testimony and evidence that Appellant recorded eleven year old Baleigh Evans in a state of nudity. Appellant admitted that he installed the hidden camera in Beth Evans' bathroom. (T. at 315-317). While Appellant asserted that he deleted any videos containing nudity, the evidence showed that 132 videos downloaded to his computer contained nudity and 22 of those were of Baleigh Evans, the focus of which was her genitalia or buttocks. (T. at 265-275).

**{¶71}** Count Eight – Illegal Cultivation of Marijuana and Count Nine – Possession of Drugs (Marijuana)

**{¶72}** Patrolman Matt Grezlik testified as to the sophisticated marijuana grow operation found on Appellant's property. (T. at 358-360). He testified that he took photographs of the evidence and then seized and stored same in the evidence room at

the Dennison Police Department. *Id.* These photographs were admitted as evidence. Additionally, the marijuana was dried and cut and sent to B.C.I. & I. for analysis. (T. at 360).

{¶73} Jennifer Acurio of B.C.I. & I. testified that she analyzed the substance submitted to her and found it to be marijuana. (T. at 523-526). She further testified that the weight of the marijuana submitted was 1950 grams.

{¶74} Furthermore, Appellant admitted that he had an indoor grow operation at his property on Grant Street. (T. at 340). Both he and his mother executed consent and search forms. (T. at 346).

{¶75} Upon review, we find the testimony and exhibits support the findings of guilty on all counts, and find no manifest miscarriage of justice.

{¶76} Appellant's First Assignment of Error is overruled.

**II.**

{¶77} In his Second Assignment of Error, Appellant claims the trial court erred in overruling his motion *in limine* regarding his possession of legal pornography. We disagree.

{¶78} At trial, Appellant made a motion *in limine* to exclude the mention or introduction of any pornographic materials located on Appellant's computers which did not contain minors. The trial court denied the motion and admitted such evidence over objection. (T. at 225).

{¶79} Pursuant to Evid.R. 401, relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination

of the action more probable or less probable than it would be without the evidence. Evid.R. 402 provides that evidence which is not relevant is not admissible.

**{¶80}** An appellate court must afford the trial court broad discretion in determining the admissibility of evidence. *State v. Maurer* (1984), 15 Ohio St.3d 239, 265, 473 N.E.2d 768, 791-792; *State v. Awkal* (1996), 76 Ohio St.3d 324, 667 N.E.2d 960. The trial court's decision in this regard may not be disturbed on appeal absent an abuse of discretion. *Id.* Moreover, an appellate court may not reverse a trial court's determination concerning the admissibility of evidence unless the appellant demonstrates he has been materially prejudice. *Id.*

**{¶81}** Upon review, Appellant's possession of adult pornographic material involving adults had little if any relevance to the charges of pandering sexually oriented matter involving a minor and illegal use of a minor in nudity oriented material. We likewise find that any relevance to the charges of voyeurism is marginal. Nevertheless, we find Appellant failed to demonstrate that he was prejudiced by the introduction of this evidence. The voluminous evidence of the videos and photographs found on Appellant's computers, combined with the testimony of Beth Evans and Appellant himself, established Appellant's guilt. The introduction of the other pornographic material was inconsequential to Appellant's conviction.

**{¶82}** Appellant's Second Assignment of Error is overruled.

**III.**

**{¶83}** In his Third Assignment of Error, Appellant claims the trial court erred in including Appellant's witnesses, Joann Gibb and Jennifer Acurio, as experts when reading the expert instructions to the jury. We disagree.

{¶84} An appellate court should apply an abuse of discretion standard in reviewing a court's decision to admit or exclude expert testimony. *Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 144–146, 118 S.Ct. 512, 139 L.Ed.2d 508(1997); *State v. Williams,* 4 Ohio St.3d 53, 58, 446 N.E.2d 444(1983). "To the extent that doing so is necessary to avoid making an unreasonable, arbitrary, or unconscionable decision, a trial court is obliged to apprise itself of the details of proffered evidence." *Valentine v. Conrad,* 110 Ohio St.3d 42, 2006–Ohio–3561, 850 N.E.2d 683 at ¶ 20. *Accord, State v. Bruce,* 5th Dist. No, 2006–CA–45, 2008–Ohio–5709, ¶ 37. An abuse of discretion "suggests unreasonableness, arbitrariness, or unconscionability. Without those elements, it is not the role of this court to substitute its judgment for that of the trial court." *Id. See also State v. Adams,* 62 Ohio St.2d at 157, 404 N.E.2d 144.

{¶85} Courts should favor the admissibility of expert testimony whenever it is relevant and the criteria of Evid.R. 702 are met. *State v. Nemeth,* 82 Ohio St.3d 202, 207, 694 N.E.2d 1332(1998), citing *State v. Williams,* 4 Ohio St.3d 53, 446 N.E.2d 444(1983), syllabus.

{¶86} Evid.R. 702 provides that a witness may testify as an expert if all of the following apply:

{¶87} "(A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;

{¶88} "(B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;

{¶89} "(C) The witness' testimony is based on reliable scientific, technical, or other specialized information.

{¶90} "Here, the trial court provided the jury with following instruction:

{¶91} "Generally, a witness may not express an opinion. However, someone who follows a profession may express his or her opinion because of his or her education, knowledge and experience. These individuals are called **Expert Witnesses**. The **Expert Witnesses** in his case are the following:

{¶92} "For the State of Ohio

{¶93} **"Joann Gibb, Bureau of Criminal Identification and Investigation (B.C.I. and I.) – Computer Forensic Analyst**

{¶94} **"Jennifer Acurio, B.C.I. and I. Forensic Analyst (Drugs)**

{¶95} ****

{¶96} **"Expert Witness** testimony is admitted for whatever assistance it may provide to help you arrive at just verdicts.

{¶97} "Questions have been asked in which **Expert Witnesses** were permitted to assume that certain facts were true and to give an opinion based upon such assumption. You must determine whether the assumed facts, upon which the **Expert** based his or her opinion are true. If any assumed fact was not established, you will determine its effect upon the opinion of the **Expert**."

{¶98} "As with other witness, upon you alone rests the duty of deciding what weight should be given to the testimony of the **Experts**. In determining its weight, you may take into consideration his or her skill, experience, knowledge, veracity, familiarity with the facts of this case, and the usual rules for testing credibility in determine (sic) the

weight the be given to testimony." (emphasis in original). (Final Legal Instructions at 16-17).

{¶99}   At trial, Joann Gibb testified that she is a computer forensic specialist who has been employed by B.C.I. & I. for sixteen years. (T. at 430). She testified as to what she does as a forensic analyst. Id. She explained that she is trained to look for specific indicators and search terms when analyzing digital media in child pornography cases. (T. at 436).  She further testified as to the procedures and safeguards she employed upon receiving Appellant's computers and the analysis she performed. (T. at 430-432). She testified as to the significance of her findings. (T. at 436-444).

{¶100} Similarly, Jennifer Acurio testified that she is a forensic scientist in the drug chemistry area and that she has been employed by B.C.I. & I. since 2005. (T. at 522). She further testified that she obtained her B.S. in Forensic Chemistry form Ohio University and a Master's Degree in Analytical Chemistry from Northeastern Illinois University. Additionally, she completed a one-year program in drug chemistry in Illinois and a two-month training program in Ohio.  (T. at 522-523). Ms. Acurio went on to explain the process of analyzing substances suspected of being marijuana. (T. at 523).

{¶101} Based on the foregoing, we find that the trial court did not err in finding Ms. Gibb and Ms, Acurio met the requirements set forth in Evid.R. 702.

{¶102} Appellant's Third Assignment of Error is overruled.

**IV.**

{¶103}   In his Fourth Assignment of Error, Appellant claims the trial court erred in failing to provide "not guilty" verdict forms to the jury on Counts Eight and Nine.

{¶104} For this Court to reverse Appellant's convictions, we must find that the trial court's procedure regarding its jury instructions was prejudicial.

{¶105} In *State v. Fisher,* 99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, the Ohio Supreme Court recognized that "[i]n *Arizona v. Fulminante* (1991), 499 U.S. 279, 306-312, 111 S.Ct. 1246, 113 L.Ed.2d 302, the United States Supreme Court denominated the two types of constitutional errors that may occur in the course of a criminal proceeding - 'trial errors,' which are reviewable for harmless error, and 'structural errors,' which are per se cause for reversal. * * * Trial error is error which occurred during the presentation of the case to the jury and which may therefore be quantitatively assessed in the context of other evidence presented in order to determine whether its admission was harmless beyond a reasonable doubt. * * * Structural errors, on the other hand, defy analysis by 'harmless error' standards because they affect the framework within which the trial proceeds, rather than simply [being] an error in the trial process itself. *[Fulminante]* at 309 and 310, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302. Consequently, a structural error mandates a finding of per se prejudice." *Fisher* at ¶ 9. (Internal quotation marks omitted). *See, also*, *State v. Wamsley,* 117 Ohio St.3d 388, 884 N.E.2d 45, 2008-Ohio-1195 at ¶ 15.

{¶106} In the case *sub judice*, Appellant was found guilty of the following allied offenses of similar import: illegal cultivation of marijuana (R.C. 292504(A)) and possession of drugs (marijuana) (2925.11(A)(C)(3)(c).

{¶107} With regard to these two charges, the jury was instructed as follows:

{¶108} "You are now instructed as a matter of law, that the Defendant has acknowledged and admitted, that he cultivated marijuana on 3/27/2011 and possessed

marijuana on that date. The State of Ohio has charged the Defendant with **felonies of the third degree** because the State alleges the amount of marijuana cultivated and possessed by the Defendant on 3/27/2011 exceeded one thousand (1000) grams but was less than five thousand (5000) grams. In Ohio the degree of felony or misdemeanor pertaining to drug-related crimes such as **Cultivation of Marijuana** and **Possession of Marijuana** is determined by the weight of the marijuana cultivated or possessed. You will be presented with Verdict Forms of **Guilty** pertaining to Counts Eight and Nine of the Indictment but no degree of felony or misdemeanor has been designated on the respective Verdict Forms. You will determine from the evidence, beyond a reasonable doubt, the specific weight of the marijuana cultivated and/or possessed by the Defendant on 3/27/2011. You will insert the weight of the marijuana either cultivated or possessed at the appropriate location on the Verdict Forms provided for you relative to those counts. (emphasis in original)." (Final Legal Instructions at 14).

{¶109}  The corresponding Verdict forms read as follows"

{¶110}  **COUNT EIGHT – ILLEGAL (SIC) OF MARIJUANA (R.C. 2925.04[A])- VERDICT OF GUILTY**

{¶111}  "We, the Jury, impaneled and sworn, find the Defendant, Paul L. Bracone, Jr., **Guilty**, beyond a reasonable doubt, of **Illegal Cultivation of Marijuana** in violation of **R.C. 2925.04(A)** as charged in Count Eight of the Indictment. We further find that the weight of the marijuana cultivated by the Defendant is 1,950 (filled in by hand in by jury) grams.

{¶112}  "All twelve (12) of our members agree. This verdict of **Guilty** is reached this 13th (filled in by hand by the jury) day of September, 2013." (emphasis in original).

**{¶113} COUNT NINE–POSSESSION OF DRUGS (MARIJUANA) (R.C. 2925.11[A][C][3][c])-VERDICT OF GUILTY**

{¶114} "We, the Jury, impaneled and sworn, find the Defendant, Paul L. Bracone, Jr., **Guilty**, beyond a reasonable doubt, of **Possession of Drugs (Marijuana)** in violation of **R.C. 2925.11(A)(C)(3)(c)** as charged in Count Nine of the Indictment. We further find that the weight of the marijuana possessed by the Defendant is 1,950 (filled in by hand by the jury) grams.

{¶115} "All twelve (12) of our members agree. This verdict of **Guilty** is reached this 13th (filled in by hand by the jury) day of September, 2013." (emphasis in original).

{¶116} Appellant objected to the above instructions, arguing that the jury should also be presented with "Not Guilty" verdict forms.

{¶117} In this instant case, we find that the trial court 's failure to provide the jury with "Not Guilty" verdict forms on the marijuana charges was error, we do not find that it rises to the level of structural error. As set forth above, Appellant admitted to growing and possessing marijuana. As such, the jury had only to determine the weight of the marijuana which would result in either a felony or a misdemeanor conviction. This was explained to the jury. We therefore find any error in not providing "Not Guilty" verdict forms to the jury to be harmless error.

{¶118}   Appellant's Fourth Assignment of Error is overruled.

{¶119} For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is affirmed.

By: Wise, J.

Farmer, J., concurs.

Hoffman, P. J., concurs separately.

JWW/d 0821

*Hoffman, P.J., concurring*

{¶120}  I concur in the majority's analysis and disposition of Appellant's first, third and fourth assignments of error.

{¶121}  I further concur in the majority's disposition of Appellant's second assignment of error.  I do so because I find the otherwise legal pornography more than "marginally" relevant to prove the "purpose of sexual gratification and arousal" element in the voyeurism counts of the indictment.  *State v. Huffman*, (2006), 165 Ohio App.3d 518.  The trial court did not abuse its discretion is admitting this evidence.

_____
HON. WILLIAM B. HOFFMAN